IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA SOLANO and CEIL STEARMAN ) ) Plaintiffs, ) ) - against - ) ) ROLLING STONE L.L.C., ) ) Defendant. ) | FILED: JULY 09, 2008 Case No. 08 CV 3909 JUDGE LEFKOW MAGISTRATE JUDGE VALDEZ RCC |

## NOTICE OF REMOVAL

Defendant ROLLING STONE, LLC ("Defendant"), hereby respectfully gives notice of its removal of this action from the Circuit Court of Cook County, Illinois (the "State Court"), to the United State District Court for the Northern District of Illinois. In support of this notice, Defendant states as follows:

1. This notice of removal is filed pursuant to 28 U.S.C. §§ 1441, 1446 and 1332.

2. On or about May 23, 2008, plaintiffs Melissa Solano and Ceil Stearman (collectively, "Plaintiffs") filed a complaint against Defendant in the State Court entitled *Melissa Solano and Ceil Stearman v. Rolling Stone L.L.C.* Case No. 08 L 5729 ("Complaint"). On June 10, 2008, at the earliest, Defendant was served with copies of the Summons and Complaint. The Complaint seeks damages relating to injuries allegedly suffered as a result of the publication of a picture of Plaintiffs in the May 31, 2007 issue of *Rolling Stone* magazine. A copy of the Summons and Complaint is attached to this Notice as Exhibit A.

3. By filing this Notice of Removal, Defendant does not consent to personal jurisdiction or venue.

4. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) within thirty days of first receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which the State Court proceeding is based, and within one year after commencement of the action.

5. A cause of action filed in state court is removable to federal court under 28 U.S.C. § 1441(a) if the district court would have original jurisdiction over the action. Moreover, 28 U.S.C. § 1441(b) states that such an action is removable "if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." The Complaint in this case meets those criteria.

6. This is a civil action in which the United States District Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 because Plaintiffs and Defendant are citizens of difference states and because the alleged amount in controversy exceeds $75,000.

7. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Northern District of Illinois is the federal district court for the district embracing the place where the State Court suit is pending.

8. According to the allegations of the Complaint, Plaintiffs are residents of Illinois.

9. Defendant Rolling Stone LLC is a limited liability company organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 1290 Avenue of the Americas, New York, NY 10104.

10. Complete diversity exists among all parties to this action.

11. The Complaint contains four counts and alleges damages "well in excess of the jurisdictional limits of $30,000.00 plus costs."[1] While Plaintiffs do not label their claims, it appears that Counts I and III purport to state a cause of action for false light invasion of privacy and Counts II and IV purport to state a cause of action under Illinois Right to Publicity Act, 765 ILCS 1075/60.

12. The amount in controversy exceeds $75,000, exclusive of costs and interest. The Complaint seeks damages "in a sum sufficient to compensate" Plaintiffs for injury to their "good name[s] and reputation," "mental suffering and anguish" and "value of [their] image[s]." Complaint (Ex. A), ¶¶ 5, 6, 12, 16, 17, 22.

13. The Complaint alleges that Defendant cast Plaintiffs in a "false light before the public by publishing an identifiable topless picture of Plaintiff[s], without [their] permission and for commercial purposes," which allegedly caused injury to their "feelings," "good name[s] and reputation" and resulted in "mental suffering and anguish." Complaint (Ex. A), ¶¶ 5, 6, 16, 17. As a result, Plaintiffs purport to state a claim for false light invasion of privacy. The Complaint also alleges that Defendant appropriated Plaintiffs' likeness by a "publishing a picture of [them] without [their] consent for commercial benefit," depriving Plaintiffs of the "value of [their] images and causing "harm." Complaint (Ex. A), ¶¶ 11, 12, 21, 22. As a result Plaintiffs purport to state a claim under the Right to Publicity Act, 765 ILCS 1075/60.

---

[1] Plaintiffs allege damages "well in excess" of $30,000 because $30,000 is the jurisdictional threshold to file cases in the Circuit Court of Cook County's Law Division, as opposed to the Municipal Division which hears cases involving disputes in which the amount in controversy is $30,000 or below.

14. For the purposes of satisfying the jurisdictional threshold for diversity jurisdiction, Plaintiffs' claims for false light invasion of privacy and violation of Illinois Right to Publicity Act can be aggregated. *See* 14C Charles Alan Wright, Arthur R. Miller & Edward R. Cooper, *Federal Practice and Procedure* § 3725 (stating that "as is true in the context of original jurisdiction, it is well-settled that two or more claims between a single plaintiff and a single defendant may be aggregated for purposes of determining whether the jurisdictional amount requirement has been met for removal purposes"). The Illinois Right to Publicity statute explicitly provides that "the rights and remedies provided under this Act are supplemental to any other rights and remedies provided by law including, but not limited to, the common law right of privacy." ILCS 1075/60. Plaintiffs may therefore be entitled to separate awards for their false light and right to publicity claims and such damages may be aggregated for the purpose of satisfying the $75,000 jurisdictional threshold.

15. Under the Illinois Right to Publicity Act (the "Act"), a prevailing plaintiff may recover actual damages and profits derived from the allegedly unauthorized use of his or her identity. 765 ILCS 1075/40(a). Punitive damages are also available where a defendant is found to have "willfully violated" the Act. 765 ILCS 1075/40(b). If, as here, a plaintiff is potentially entitled to punitive damages under state statute, the Seventh Circuit has stated that "the court has subject matter jurisdiction unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint

each must be considered to the extent claimed in determining jurisdictional amount."). Having attempted to plead that Defendant published a picture of Plaintiffs without their consent and for commercial purposes with "reckless disregard," it is by no means clear that Plaintiffs would not be entitled to punitive damages, and actual damages and profits, sufficient to put them over the jurisdictional threshold. Additionally, the Act authorizes an award of reasonable attorneys' fees to the prevailing party. Where an underlying statute authorizes an award of attorneys fees, such fees incurred prior to removal may be included in the amount in controversy. *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006) ("attorneys' fees up to the time of removal also count toward the jurisdictional amount").

      16.    While Plaintiffs have not specifically pleaded an entitlement to punitive damages with respect to their purported "false light" claims, Illinois courts have held that prevailing plaintiffs may be awarded punitive damages if malice (i.e., knowing falsity or reckless disregard for the truth) is proven. *See, e.g., Edwards v. Paddock Pubs., Inc.*, 327 Ill. App. 3d 553, 763 N.E.2d 328 (1st Dist. 2001) (evidence sufficient to establish actual malice on part of defendants entitled false light plaintiff to have his request of punitive damages considered by trier of fact). Plaintiffs have alleged that Defendant "published the picture of the plaintiff[s] with reckless disregard." Complaint (Ex. A), ¶¶ 5(d), 16(d). It is therefore far from clear that Plaintiffs would not be entitled to punitive damages on their purported "false light" claims.

      17.    In short, Plaintiffs have alleged that they are entitled to damages on their purported "false light" claims for "mental suffering and anguish," harm to their "good name[s] and reputation" and injured feelings. Additionally, Plaintiffs have alleged that

they are entitled to damages under the Right to Publicity Act, under which they may recover actual damages, a portion of Defendants' profits, punitive damages and attorneys' fees. The Complaint therefore seeks the requisite amount in controversy.

18. Pursuant to 28 U.S.C. §1446(d), Defendant will further serve written notice to opposing counsel of the filing of this Notice of Removal together with a copy of this Notice of Removal, and a copy of the Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendant notifies this Court that it has taken action to remove this case from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

Dated: July 9, 2008

                                                Respectfully submitted,

                                                ROLLING STONE, LLC

                                                By: /Steven L. Baron/_____
                                                        One of its attorneys

Steven L. Baron (ARDC #6200868)
Natalie A. Harris (ARDC#6272361)
Mandell Menkes LLC
333 West Wacker, Suite 300
Chicago, Illinois 60606
(312) 251-1000

*Attorneys for Defendant*

Of Counsel:

Elizabeth A. McNamara
Bryan M. Tallevi
Davis Wright Tremaine LLP
1633 Broadway
New York, NY 10019

## CERTIFICATE OF SERVICE

I, Steven L. Baron, an attorney, certify that I caused a true and correct copy of the foregoing Notice of Removal upon:

> Steven A. Sigmond
> The Law Offices of Steven A. Sigmond
> 354 N. Canal
> Suite 1208
> Chicago, IL 60606
> E-mail: steve@siglaw.com

via First Class United States mail, postage prepaid and via electronic mail on July 9, 2008.

　　/Steven L. Baron/　　
Steven L. Baron

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
06/10/2008
CT Log Number 513512991



TO: Dana Rosen
Wenner Media Incorporated
1290 Avenue of the Americas
New York, NY 10104-

RE: **Process Served in Illinois**

FOR: Rolling Stone LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Melissa Solano and Cecil Stearman, Pltfs. vs. Rolling Stone L.L.C., Dft. |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 2008L005729 |
| NATURE OF ACTION: | Publication of her picture in an issue of the magazine withour her consent for commercial benefit |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Process Server on 06/10/2008 at 10:30 |
| APPEARANCE OR ANSWER DUE: | Within 30 days, not counting the day of service |
| ATTORNEY(S) / SENDER(S): | Steven A. Sigmond<br>Law Offices of Steven A. Sigmond<br>345 N. Canal<br>Suite 1208<br>Chicago, IL 60606<br>312-258-8188 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 790031608140 |
| SIGNED: | C T Corporation System |
| PER: | Tawana Carter |
| ADDRESS: | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| TELEPHONE: | 312-345-4336 |

Page 1 of 1 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

08 CV 3909
JUDGE LEFKOW
MAGISTRATE JUDGE VALDEZ
RCC

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)
**MELISSA SOLANO and CEIL STEARMAN**

v.

**ROLLING STONE L.L.C**

No. _____

2008L005722
CALENDAR/ROOM S
TIME 00:00
Statutory Action

Please Serve Registered Agent:
CT Corporation System
208 S. Lasalle Street
CHicago, IL 60604

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 16131
Name: Steven A. Sigmond
Atty. for: Plaintiffs
Address: 345 N. Canal Street. St. 1208
City/State/Zip: Chicago, IL 60606
Telephone: (312) 258-8188

WITNESS, _____, _____

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
MAY 28 2008
SEAL

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

www.courthousenews.com

#1979  #16131

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MELISSA SOLANO and | ) | 2008L005729 |
| CEIL STEARMAN | ) | CALENDAR/ROOM S |
| | ) | TIME 00:00 |
| Plaintiffs, | ) | Statutory Action |
| | ) | |
| vs. | ) No. | |
| | ) | |
| ROLLING STONE L.L.C., | ) | |
| a Foreign Corporation | ) | |
| Defendant, | ) | |

**COMPLAINT**

NOW COME the Plaintiffs, MELISSA SOLANO and CEIL STEARMAN, by and through their attorney, STEVEN A SIGMOND, and complaining against the Defendant, ROLLING STONE L.L.C, state as follows:

**COUNT I**

1. On or about May 18, 2007, and at all other times relevant hereto, the Plaintiff, MELISSA SOLANO, was an individual residing within the City of Chicago, County of Cook, State of Illinois.

2. On or about May 31, 2007, and at all other times relevant hereto, the Defendant, ROLLING STONE L.L.C, was a Foreign Corporation, publishing and distributing Rolling Stone Magazine, with regional offices in Chicago, Illinois and selling and distributing the magazine within the State of Illinois, County of Cook, and City of Chicago.

3. On or about May 31, 2007, the Plaintiff, MELISSA SOLANO, was an individual residing in the County of Cook, City of Chicago, State of Illinois. At the aforementioned time,

www.courthousenews.com

the Plaintiff, CEIL STEARMAN, was also an individual residing in City of Chicago, County of Cook, State of Illinois.

4. At the aforementioned time, place and date, and at all other times relevant hereto, the Defendant, ROLLING STONE L.L.C had a duty to exercise reasonable care and caution in the publication and distribution of its magazine.

5. In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.) The defendant placed the Plaintiff, MELISSA SOLANO, in a false light before the public by publishing an identifiable topless picture of the Plaintiff, without her permission and for commercial purposes, in the lower right-hand corner of page 42 of the May 31st issue.

b.) Although all the other pictures of non-celebrities on the page of the magazine are blurred and credited, the picture of the Plaintiff, MELISSA SOLANO, is identifiable because it clearly shows her face, multiple tattoos on her body, and a personal necklace.

c.) The picture which shows the girls topless and kissing a man at the same time would undoubtedly be offensive to a reasonable person.

d.) The Defendant, ROLLING STONE L.L.C published the picture of the plaintiff with reckless disregard to her feelings or the harm it could cause to her reputation.

6. As a result of the foregoing, the Plaintiff, MELISSA SOLANO, was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because the publication was injurious to her good name and reputation. In addition, her feelings have been injured, and she has incurred mental suffering and anguish.

## COUNT II

www.courthousenews.com

7-10. Repeats and re-alleges the allegations contained in paragraphs one through four of Count I, incorporating them by reference.

11. In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.) Appropriating the plaintiff, MELISSA SOLANO's, likeness by publishing a picture of her without her consent for commercial benefit.

12. As a result of the foregoing, the Plaintiff, MELISSA SOLANO was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because she is entitled to value of her image and has a right to this value under the Right to Publicity Act. 765 ILCS 1075/60.

## COUNT III

13-15. Repeats and re-alleges the allegations contained in paragraphs one through four of Count I, incorporating them by reference.

16. In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.) The defendant placed the Plaintiff, CEIL STEARMAN, in a false light before the public by publishing an identifiable topless picture of the Plaintiff, without her permission and for commercial purposes, in the lower right-hand corner of page 42 of the May 31st issue.

b.) Although all the other pictures of non-celebrities on the page of the magazine are blurred and credited, the picture of the Plaintiff, CEIL STEARMAN, is identifiable because it clearly shows her face.

www.courthousenews.com

c.) The picture which shows the girls topless and kissing a man at the same time would undoubtedly be offensive to a reasonable person.

d.) The Defendant, ROLLING STONE L.L.C published the picture of the plaintiff with reckless disregard to her feelings or the harm it could cause to her reputation.

17. As a result of the foregoing, the Plaintiff, CEIL STEARMAN, was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because the publication was injurious to her good name and reputation. In addition, her feelings have been injured, and she has incurred mental suffering and anguish.

### COUNT IV

18-20. Repeats and re-alleges the allegations contained in paragraphs one through four of Count I, incorporating them by reference.

21. In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.) Appropriating the plaintiff, CEIL STEARMAN's, likeness by publishing a picture of her without her consent for commercial benefit.

22. As a result of the foregoing, the Plaintiff, CEIL STEARMAN was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because she is entitled to value of her image and has a right to this value under the Right to Publicity Act. 765 ILCS 1075/60.

www.courthousenews.com

WHEREFORE the Plaintiffs, MELISSA SOLANO and CEIL STEARMAN, pray for judgment in their favor and against the Defendant, ROLLING STONE L.L.C, in a sum sufficient to compensate them for the aforesaid injuries, which sum is well in excess of the jurisdictional limits of $30,000.00 plus costs.

Respectfully submitted,
MELISSA SOLANO and CEIL STEARMAN,

BY: _____
STEVEN A. SIGMOND, Their Attorney

#16131
Steven A. Sigmond
THE LAW OFFICES OF STEVEN A. SIGMOND
345 N. Canal
Suite 1208
Chicago, IL 60606
(312) 258-8188