## CT CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
06/10/2008
CT Log Number 513512991



| | |
|---|---|
| **TO:** | Dana Rosen<br>Wenner Media Incorporated<br>1290 Avenue of the Americas<br>New York, NY 10104- |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Rolling Stone LLC (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Melissa Solano and Cecil Stearman, Pltfs. vs. Rolling Stone L.L.C., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 2008L005729 |
| **NATURE OF ACTION:** | Publication of her picture in an issue of the magazine without her consent for commercial benefit |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/10/2008 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Steven A. Sigmond<br>Law Offices of Steven A. Sigmond<br>345 N. Canal<br>Suite 1208<br>Chicago, IL 60606<br>312-258-8188 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790031608140 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

08 CV 3909
JUDGE LEFKOW
MAGISTRATE JUDGE VALDEZ
RCC

| 2120 - Served | 2121 - Served | | |
|---|---|---|---|
| 2220 - Not Served | 2221 - Not Served | | |
| 2320 - Served By Mail | 2321 - Served By Mail | | |
| 2420 - Served By Publication | 2421 - Served By Publication | | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-l-07-05 ( | ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)
**MELISSA SOLANO and CEIL STEARMAN**

2008L005722
CALENDAR/ROOM S
TIME 00:00
Statutory Action

v.

No. _____

**ROLLING STONE L.L.C**

Please Serve Registered Agent:
CT Corporation System
208 S. Lasalle Street
CHicago, IL 60604

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

| Atty. No.: | 16131 | WITNESS, DOROTHY BROWN CLERK MAY 27 2008 |
|---|---|---|
| Name: | Steven A. Sigmond | (SEAL) |
| Atty. for: | Plaintiffs | |
| Address: | 345 N. Canal Street, St. 1208 | |
| City/State/Zip: | Chicago, IL 60606 | Date of service: _____ |
| Telephone: | (312) 258-8188 | (To be inserted by officer on copy left with defendant or other person) |

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

www.courthousenews.com

#1979 #16131

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MELISSA SOLANO and | ) | 2008L005729 |
| CEIL STEARMAN | ) | CALENDAR/ROOM S |
| | ) | TIME 00:00 |
| Plaintiffs, | ) | Statutory Action |
| | ) | |
| vs. | ) No. | |
| | ) | |
| ROLLING STONE L.L.C., | ) | |
| a Foreign Corporation | ) | |
| Defendant, | ) | |

## COMPLAINT

NOW COME the Plaintiffs, MELISSA SOLANO and CEIL STEARMAN, by and through their attorney, STEVEN A SIGMOND, and complaining against the Defendant, ROLLING STONE L.L.C, state as follows:

### COUNT I

1. On or about May 18, 2007, and at all other times relevant hereto, the Plaintiff, MELISSA SOLANO, was an individual residing within the City of Chicago, County of Cook, State of Illinois.

2. On or about May 31, 2007, and at all other times relevant hereto, the Defendant, ROLLING STONE L.L.C, was a Foreign Corporation, publishing and distributing Rolling Stone Magazine, with regional offices in Chicago, Illinois and selling and distributing the magazine within the State of Illinois, County of Cook, and City of Chicago.

3. On or about May 31, 2007, the Plaintiff, MELISSA SOLANO, was an individual residing in the County of Cook, City of Chicago, State of Illinois. At the aforementioned time,

www.courthousenews.com

the Plaintiff, CEIL STEARMAN, was also an individual residing in City of Chicago, County of Cook, State of Illinois.

4. At the aforementioned time, place and date, and at all other times relevant hereto, the Defendant, ROLLING STONE L.L.C had a duty to exercise reasonable care and caution in the publication and distribution of its magazine.

5. In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.) The defendant placed the Plaintiff, MELISSA SOLANO, in a false light before the public by publishing an identifiable topless picture of the Plaintiff, without her permission and for commercial purposes, in the lower right-hand corner of page 42 of the May 31st issue.

b.) Although all the other pictures of non-celebrities on the page of the magazine are blurred and credited, the picture of the Plaintiff, MELISSA SOLANO, is identifiable because it clearly shows her face, multiple tattoos on her body, and a personal necklace.

c.) The picture which shows the girls topless and kissing a man at the same time would undoubtedly be offensive to a reasonable person.

d.) The Defendant, ROLLING STONE L.L.C published the picture of the plaintiff with reckless disregard to her feelings or the harm it could cause to her reputation.

6. As a result of the foregoing, the Plaintiff, MELISSA SOLANO, was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because the publication was injurious to her good name and reputation. In addition, her feelings have been injured, and she has incurred mental suffering and anguish.

## COUNT II

www.courthousenews.com

7-10. Repeats and re-alleges the allegations contained in paragraphs one through four of Count I, incorporating them by reference.

11. In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.) Appropriating the plaintiff, MELISSA SOLANO's, likeness by publishing a picture of her without her consent for commercial benefit.

12. As a result of the foregoing, the Plaintiff, MELISSA SOLANO was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because she is entitled to value of her image and has a right to this value under the Right to Publicity Act. 765 ILCS 1075/60.

## COUNT III

13-15. Repeats and re-alleges the allegations contained in paragraphs one through four of Count I, incorporating them by reference.

16. In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.) The defendant placed the Plaintiff, CEIL STEARMAN, in a false light before the public by publishing an identifiable topless picture of the Plaintiff, without her permission and for commercial purposes, in the lower right-hand corner of page 42 of the May 31st issue.

b.) Although all the other pictures of non-celebrities on the page of the magazine are blurred and credited, the picture of the Plaintiff, CEIL STEARMAN, is identifiable because it clearly shows her face.

www.courthousenews.com

c.) The picture which shows the girls topless and kissing a man at the same time would undoubtedly be offensive to a reasonable person.

d.) The Defendant, ROLLING STONE L.L.C published the picture of the plaintiff with reckless disregard to her feelings or the harm it could cause to her reputation.

17. As a result of the foregoing, the Plaintiff, CEIL STEARMAN, was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because the publication was injurious to her good name and reputation. In addition, her feelings have been injured, and she has incurred mental suffering and anguish.

## COUNT IV

18-20. Repeats and re-alleges the allegations contained in paragraphs one through four of Count I, incorporating them by reference.

21. In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.) Appropriating the plaintiff, CEIL STEARMAN's, likeness by publishing a picture of her without her consent for commercial benefit.

22. As a result of the foregoing, the Plaintiff, CEIL STEARMAN was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because she is entitled to value of her image and has a right to this value under the Right to Publicity Act. 765 ILCS 1075/60.

www.courthousenews.com

WHEREFORE the Plaintiffs, MELISSA SOLANO and CEIL STEARMAN, pray for judgment in their favor and against the Defendant, ROLLING STONE L.L.C, in a sum sufficient to compensate them for the aforesaid injuries, which sum is well in excess of the jurisdictional limits of $30,000.00 plus costs.

Respectfully submitted,
MELISSA SOLANO and CEIL STEARMAN,

BY: _____
STEVEN A. SIGMOND, Their Attorney

#16131
Steven A. Sigmond
THE LAW OFFICES OF STEVEN A. SIGMOND
345 N. Canal
Suite 1208
Chicago, IL 60606
(312) 258-8188