IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

--------------------------------------------------------------- x
　　　　　　　　　　　　　　　　　　　　　　　)
MELISSA SOLANO and CEIL STEARMAN　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiffs,　　　　　)　　　Case No. 08 CV 3909
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　- against -　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
ROLLING STONE L.L.C.,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendant.　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
--------------------------------------------------------------- x

**DECLARATION OF ELIZABETH A. McNAMARA IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

I, ELIZABETH A. McNAMARA, declare as follows:

1.　　　I am a partner in the law firm of Davis Wright Tremaine LLP, counsel for

defendant Rolling Stone LLC ("Rolling Stone").  I submit this Declaration in support of Rolling

Stone's motion to dismiss or for summary judgment and to supply certain background

information and documents to the Court.

2.　　　On May 24, 2008, plaintiffs filed this action in the Law Division of the Circuit

Court of Cook County.  A copy of the Complaint is attached as Exhibit A.  Rolling Stone was

served with the Complaint on or about June 10, 2008, and Rolling Stone removed the action to

this Court on July 9, 2008.

3.　　　On June 18, 2008, I wrote a letter to Plaintiffs' counsel explaining why Rolling

Stone believed that there was no factual or legal basis for Plaintiffs' claims and asking them to

withdraw the Complaint.  A copy of my June 18, 2008 letter is attached as Exhibit B.  In

response to my letter, on or about July 10, 2008, I spoke with Plaintiffs' counsel and received a

letter informing me that Plaintiffs would amend their Complaint to withdraw the false light

claim.  Specifically, Plaintiffs' counsel said in his letter, "I would also like to confirm that I have told you that I intend to amend the Complaint and drop the 'false light' count.  It is unnecessary to brief the issue." (For purposes of Rule 408, I do not attach Plaintiffs' counsel's letter.)  To date, however, Plaintiffs have not withdrawn or amended their complaint.

4.      After Plaintiffs commenced this Action, it was brought to Rolling Stone's attention that the two Plaintiffs worked for a bachelor party service called Next Plateau Chicago ("NPC") under the professional names of "Brook" and "Ashley."  My firm verified this by going to NPC's website and locating the pages for "Brook" and "Ashley."  I attach as Exhibit C representative copies of the homepage and other relevant pages, including the pages for "Brook" and Ashley," from the NPC site as it appeared in June, 2008, when these pages were downloaded and printed from the NPC website.  Among other comments, the NPC page for "Ashley" included the statement that "I do a wild and crazy 2-girl show with my girlfriend Brook we were both featured in the rolling stone magazine together." *Id.* at  2 .  I understand that at some point subsequent to that time the NPC website was modified and the Brook and Ashley pages no longer appear on the site.

5.      The www.hotchickswithdouchebags.com website that was featured in the "On the Web" column at issue in this action has become the subject of a Simon & Schuster book that was recently published.  I enclose as Exhibit D a printout of the book's listing on Simon & Schuster's official website and the listing for the book on Amazon.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 7, 2008.

_____
Elizabeth A. McNamara

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date caused to be served a true and correct copy of the foregoing *Declaration of Elizabeth A. McNamara in Support of Defendant's Motion to Dismiss or, In the Alternative, for Summary Judgment* on:

> Steven A. Sigmond
> The Law Offices of Steven A. Sigmond
> 354 N. Canal
> Suite 1208
> Chicago, IL 60606
> E-mail: steve@siglaw.com

via messenger delivery and via electronic mail on August 8, 2008.

> /Steven L. Baron/
> Steven L. Baron

# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/10/2008
CT Log Number 513512991



**TO:**    Dana Rosen
Wenner Media Incorporated
1290 Avenue of the Americas
New York, NY 10104-

**RE:**    **Process Served in Illinois**

**FOR:**    Rolling Stone LLC (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

**TITLE OF ACTION:**    Melissa Solano and Cecil Stearman, Pltfs. vs. Rolling Stone L.L.C., Dft.

**DOCUMENT(S) SERVED:**    Summons, Complaint

**COURT/AGENCY:**    Cook County Circuit Court - Cook County Department - Law Division, IL
Case # 2008L005729

**NATURE OF ACTION:**    Publication of her picture in an issue of the magazine without her consent for
commercial benefit

**ON WHOM PROCESS WAS SERVED:**    C T Corporation System, Chicago, IL

**DATE AND HOUR OF SERVICE:**    By Process Server on 06/10/2008 at 10:30

**APPEARANCE OR ANSWER DUE:**    Within 30 days, not counting the day of service

**ATTORNEY(S) / SENDER(S):**    Steven A. Sigmond
Law Offices of Steven A. Sigmond
345 N. Canal
Suite 1208
Chicago, IL 60606
312-258-8188

**ACTION ITEMS:**    SOP Papers with Transmittal, via Fed Ex 2 Day , 790031608140

**SIGNED:**    C T Corporation System
**PER:**    Tawana Carter
**ADDRESS:**    208 South LaSalle Street
Suite 814
Chicago, IL 60604
**TELEPHONE:**    312-345-4336

Page 1 of 1 / KS

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

08 CV 3909
JUDGE LEFKOW
MAGISTRATE JUDGE VALDEZ
RCC

JUN 13 2008 10:15 AM FR WENNER MEDIA   212 484 4301 TO 912124898340,,69 P.03

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | **CCG N001-10M-L-07-05 (** ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)
**MELISSA SOLANO and CEIL STEARMAN**

2008L005729
CALENDAR/ROOM 9
TIME 00:00
Statutory Action

v.

No. _____

**ROLLING STONE L.L.C**

Please Serve Registered Agent:
CT Corporation System
208 S. Lasalle Street
CHicago, IL 60604

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | ☐ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: **16131**

WITNESS, _____,

DOROTHY BROWN
CLERK

MAY 2 2008

Name: **Steven A. Sigmond**

Atty. for: **Plaintiffs**

Address: **345 N. Canal Street. St. 1208**

City/State/Zip: **Chicago, IL 60606**

Telephone: **(312) 258-8188**

SEAL

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

www.courthousenews.com

#1979                                                    #16131

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MELISSA SOLANO and | ) | 2008L005729 |
| CEIL STEARMAN | ) | CALENDAR/ROOM S |
| | ) | TIME 00:00 |
| Plaintiffs, | ) | Statutory Action |
| | ) | |
| vs. | ) | No. |
| | ) | |
| ROLLING STONE L.L.C., | ) | |
| a Foreign Corporation | ) | |
| Defendant, | ) | |

## COMPLAINT

NOW COME the Plaintiffs, MELISSA SOLANO and CEIL STEARMAN, by and

through their attorney, STEVEN A SIGMOND, and complaining against the Defendant,

ROLLING STONE L.L.C, state as follows:

### COUNT I

1.      On or about May 18, 2007, and at all other times relevant hereto, the Plaintiff,

MELISSA SOLANO, was an individual residing within the City of Chicago, County of Cook,

State of Illinois.

2.      On or about May 31, 2007, and at all other times relevant hereto, the Defendant,

ROLLING STONE L.L.C, was a Foreign Corporation, publishing and distributing Rolling Stone

Magazine, with regional offices in Chicago, Illinois and selling and distributing the magazine

within the State of Illinois, County of Cook, and City of Chicago.

3.      On or about May 31, 2007, the Plaintiff, MELISSA SOLANO, was an individual

residing in the County of Cook, City of Chicago, State of Illinois.  At the aforementioned time,

www.courthousenews.com

the Plaintiff, CEIL STEARMAN, was also an individual residing in City of Chicago, County of Cook, State of Illinois.

4.    At the aforementioned time, place and date, and at all other times relevant hereto, the Defendant, ROLLING STONE L.L.C had a duty to exercise reasonable care and caution in the publication and distribution of its magazine.

5.    In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.)    The defendant placed the Plaintiff, MELISSA SOLANO, in a false light before the public by publishing an identifiable topless picture of the Plaintiff, without her permission and for commercial purposes, in the lower right-hand corner of page 42 of the May 31st issue.

b.)    Although all the other pictures of non-celebrities on the page of the magazine are blurred and credited, the picture of the Plaintiff, MELISSA SOLANO, is identifiable because it clearly shows her face, multiple tattoos on her body, and a personal necklace.

c.)    The picture which shows the girls topless and kissing a man at the same time would undoubtedly be offensive to a reasonable person.

d.)    The Defendant, ROLLING STONE L.L.C published the picture of the plaintiff with reckless disregard to her feelings or the harm it could cause to her reputation.

6.    As a result of the foregoing, the Plaintiff, MELISSA SOLANO, was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because the publication was injurious to her good name and reputation.  In addition, her feelings have been injured, and she has incurred mental suffering and anguish.

**COUNT II**

www.courthousenews.com

7-10.    Repeats and re-alleges the allegations contained in paragraphs one through four of Count I, incorporating them by reference.

11.    In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.)    Appropriating the plaintiff, MELISSA SOLANO's, likeness by publishing a picture of her without her consent for commercial benefit.

12.    As a result of the foregoing, the Plaintiff, MELISSA SOLANO was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because she is entitled to value of her image and has a right to this value under the Right to Publicity Act. 765 ILCS 1075/60.

## COUNT III

13-15. Repeats and re-alleges the allegations contained in paragraphs one through four of Count I, incorporating them by reference.

16.    In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.)    The defendant placed the Plaintiff, CEIL STEARMAN, in a false light before the public by publishing an identifiable topless picture of the Plaintiff, without her permission and for commercial purposes, in the lower right-hand corner of page 42 of the May 31st issue.

b.)    Although all the other pictures of non-celebrities on the page of the magazine are blurred and credited, the picture of the Plaintiff, CEIL STEARMAN, is identifiable because it clearly shows her face.

www.courthousenews.com

c.)    The picture which shows the girls topless and kissing a man at the same time would undoubtedly be offensive to a reasonable person.

d.)    The Defendant, ROLLING STONE L.L.C published the picture of the plaintiff with reckless disregard to her feelings or the harm it could cause to her reputation.

17.    As a result of the foregoing, the Plaintiff, CEIL STEARMAN, was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because the publication was injurious to her good name and reputation. In addition, her feelings have been injured, and she has incurred mental suffering and anguish.

## COUNT IV

18-20.    Repeats and re-alleges the allegations contained in paragraphs one through four of Count I, incorporating them by reference.

21.    In violation of the aforementioned duties, the Defendant was then and there guilty of the following acts:

a.)    Appropriating the plaintiff, CEIL STEARMAN's, likeness by publishing a picture of her without her consent for commercial benefit.

22.    As a result of the foregoing, the Plaintiff, CEIL STEARMAN was harmed by the publication of her picture in the May 31, 2007 issue of Rolling Stone Magazine because she is entitled to value of her image and has a right to this value under the Right to Publicity Act. 765 ILCS 1075/60.

www.courthousenews.com

WHEREFORE the Plaintiffs, MELISSA SOLANO and CEIL STEARMAN, pray for

judgment in their favor and against the Defendant, ROLLING STONE L.L.C, in a sum sufficient

to compensate them for the aforesaid injuries, which sum is well in excess of the jurisdictional

limits of $30,000.00 plus costs.

Respectfully submitted,

MELISSA SOLANO and CEIL
STEARMAN,

BY:

STEVEN A. SIGMOND, Their
Attorney

#16131
Steven A. Sigmond
THE LAW OFFICES OF STEVEN A. SIGMOND
345 N. Canal
Suite 1208
Chicago, IL 60606
(312) 258-8188

## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

| In the Matter of | Case Number: |
|---|---|
| Melissa Solano and Ceil Stearman | FILED: JULY 09, 2008 |
| vs. | 08 CV 3909 |
| Rolling Stone LLC., | JUDGE LEFKOW |
| | MAGISTRATE JUDGE VALDEZ |
| | RCC |

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

Rolling Stone LLC.,

| NAME (Type or print) |
|---|
| Steven L. Baron |

| SIGNATURE (Use electronic signature if the appearance form is filed electronically) |
|---|
| s/ Steven L. Baron |

| FIRM |
|---|
| Mandell Menkes LLC |

| STREET ADDRESS |
|---|
| 333 W. Wacker Drive #300 |

| CITY/STATE/ZIP |
|---|
| Chicago, IL 60606 |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER |
|---|---|
| 6200868 | 312-251-1000 |

| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☐ | NO ☑ |
|---|---|---|
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☑ | NO ☐ |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☑ | NO ☐ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☑ | NO ☐ |

| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS. |
|---|
| RETAINED COUNSEL ☐        APPOINTED COUNSEL ☐ |

## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
### ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

| In the Matter of | Case Number: |
|---|---|
| Melissa Solano and Ceil Stearman | FILED: JULY 09, 2008 |
| vs. | 08 CV 3909 |
| Rolling Stone LLC., | JUDGE LEFKOW |
| | MAGISTRATE JUDGE VALDEZ |
| | RCC |

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

Rolling Stone LLC.,

| NAME (Type or print) |
|---|
| Natalie A. Harris |

| SIGNATURE (Use electronic signature if the appearance form is filed electronically) |
|---|
| s/ Natalie A. Harris |

| FIRM |
|---|
| Mandell Menkes LLC |

| STREET ADDRESS |
|---|
| 333 W. Wacker Drive #300 |

| CITY/STATE/ZIP |
|---|
| Chicago, IL 60606 |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER |
|---|---|
| 6272361 | 312-251-1000 |

| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☐ | NO ☑ |
|---|---|---|
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☑ | NO ☐ |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☐ | NO ☑ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☐ | NO ☑ |

IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.

RETAINED COUNSEL ☐          APPOINTED COUNSEL ☐

## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

| In the Matter of | Case Number: |
|---|---|
| Melissa Solano and Ceil Stearman<br>vs.<br>Rolling Stone LLC., | FILED: JULY 09, 2008<br>08 CV 3909<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE VALDEZ<br>RCC |

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

Rolling Stone LLC.,

| |
|---|
| NAME (Type or print)<br>Lindsay H. LaVine |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically)<br>s/  Lindsay H. LaVine |
| FIRM<br>Mandell Menkes LLC |
| STREET ADDRESS<br>333 W. Wacker Drive #300 |
| CITY/STATE/ZIP<br>Chicago, IL 60606 |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS)<br>6291725 | TELEPHONE NUMBER<br>312-251-1000 |
|---|---|

| | | |
|---|---|---|
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☐ | NO ☑ |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☑ | NO ☐ |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☐ | NO ☑ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☐ | NO ☑ |

| |
|---|
| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.<br><br>RETAINED COUNSEL ☐     APPOINTED COUNSEL ☐ |

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form isrequired for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Melissa Solano and Ceil Stearman | Rolling Stone LLC., |

| (b) County of Residence of First Listed Plaintiff   Cook | County of Residence of First Listed Defendant   New York |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Steven A Sigmond - Law Offices of Steven A. Sigmond<br>345 N. Canal #1208, Chicago, IL 60606<br>312-258-8188 | Attorneys (If Known)<br>Steven L. Baron<br>Natalie A. Harris<br>Lindsay H. LaVine |
|---|---|

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (excl. vet.)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[X] 360 Other Personal Inj. | **PERSONAL INJURY**<br>[ ] 362 Personal Injury— Med. Malpractice<br>[ ] 365 Personal Injury — Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce/ICC Rates/etc.<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Satellite TV<br>[ ] 810 Selective Service<br>[ ] 850 Security/Commodity/Exch.<br>[ ] 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 444 Welfare<br>[ ] 445 ADA—Employment<br>[ ] 446 ADA — Other<br>[ ] 440 Other Civil Rights | **PRISONER PETITIONS**<br>[ ] 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt.Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[ ] 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

Removal of false light and invasion of privacy action pursuant to 28 U.S.C. § 1441, 1446

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

| VIII. REQUESTED IN COMPLAINT: | [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  [ ] Yes  [X] No |
|---|---|---|---|

| IX. This case | [X] is not a refiling of a previously dismissed action. | FILED: JULY 09, 2008 |
|---|---|---|
| | [ ] is a refiling of case number _____ , previously dismissed by Judge | 08 CV 3909 |

| DATE | SIGNATURE OF ATTORNEY OF RECORD | JUDGE LEFKOW |
|---|---|---|
| | /s/ Steven L. Baron | MAGISTRATE JUDGE VALDEZ<br>RCC |

# EXHIBIT B

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE   BELLEVUE   LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

ELIZABETH A. MCNAMARA                1633 BROADWAY              TEL (212) 489-8230
DIRECT (212) 603-6437                 NEW YORK, NY 10019-6708    FAX (212) 489-8340
lizmcnamara@dwt.com                                              www.dwt.com

June 18, 2008

**By Federal Express and E-mail**

Steven A. Sigmond, Esq.
The Law Offices of Steven A. Sigmond
345 North Canal Street
Suite 1208
Chicago, IL 60606

Re: _Solano, et al. v. Rolling Stone L.L.C._

Dear Mr. Sigmond:

We write as counsel for Rolling Stone LLC, in response to the complaint served in the above-referenced action on June 10, 2008 ("Complaint"). Read charitably, the Complaint appears to allege that the publication of a photograph depicting plaintiffs in the May 2007 issue of _Rolling Stone_ magazine (the "Photograph") placed plaintiffs in a false light and constituted an unauthorized commercial use of their likeness in violation of Illinois Right to Publicity Act. As set forth in more detail below, these claims are utterly frivolous from a factual and legal standpoint. We ask that your clients withdraw this action by June 27, 2008. If you fail to withdraw this action, we have also been instructed to seek the full panoply of sanctions against your firm and/or your clients, including an award of expenses and attorneys' fees, pursuant to Illinois Supreme Court Rule 137, Rule 11, or any other applicable rule. Your clients' action fails procedurally, factually and legally for several independent reasons. Let me explain.

First, procedurally, the action fails because both claims are barred by the applicable statute of limitations. The Photograph at issue was published in the May 31, 2007 issue of _Rolling Stone._ The on sale date of the magazine was May 18, 2007 and subscriptions were mailed on the same day. However, this action was filed on May 24, 2008, more than one year _after_ the magazine was published and available to the public. As you well know, both false light and right of publicity claims under Illinois law have a one year statute of limitations. _See, e.g.,_ 735 ILCS 5/13-201 (West 1992); _Blair v. Nevada Landing Partnership_, 369 Ill. App.3d 318, 323 (2nd Dist. 2006). In short, even if the claims were factually or legally viable – which they plainly are not – they are barred by the statute of limitations.

Steven A. Sigmond, Esq.
Page 2
June 18, 2008



Next, the facts that are undisputed or could not be seriously challenged render the assertion of plaintiffs' supposed "false light" claim patently absurd.

The Photograph is included in a regularly recurring column called "On The Web", which features websites selected by the editors which they believe might be of interest to *Rolling Stone's* readers. One website featured in this issue was hotchickswithdouchebags.com. It is described as displaying "photos of gelled-and-tanned dudes and hot babes mugging it up for the camera". The Photograph depicts your clients with their hands covering their bare breasts on either side of a man who they are kissing. The Photograph was obtained from the hotchickswithdouchebags.com website and is plainly used to illustrate the type of material that can be found on the site. Your clients do not dispute that the Photograph is an actual photo of them; nor do they dispute that the Photograph was obtained from the website hotchickswithdouchebags.com. Needless to say, the Photograph speaks volumes and plainly represents "hot babes" mugging it up for the camera.

Further, the Photograph was previously published on hotchickswithdoucebags.com and was no doubt viewed by hundreds of thousands – if not millions – of internet users. It is inconceivable that your clients could suffer cognizable reputational harm from the republication of the Photograph in a magazine such as *Rolling Stone* when the same photo has long been publicly available on the world wide web at a site bearing the name "Hot Chicks With Douche Bags".

The factual predicate to your clients' claims is yet further undermined by certain facts about Ms. Solano and Ms. Stearman, that you may not be aware. We understand that plaintiffs work for a bachelor party service by the name of Next Plateau Chicago. Next Plateau Chicago (available at http://www.nextplateauchicago.com) describes itself as "Chicagoland's premiere bachelor party service" with a specialty in "2 girl bi-sexual toy shows." Its website advertises that "our girls will perform for you intimately with toys, fruit, etc. all the while keeping the bachelor apart [sic] of the show."

At Next Plateau Chicago ("NPC"), Ms. Solano and Ms. Stearman use the professional names of "Brook" and "Ashley" and advertise that they perform both together and individually. Notably, "Brook" and "Ashley" each have their own page on the NPC website where they display photos of themselves topless and/or fully nude. These photos are considerably larger and more revealing than the Photograph. In one photo, "Ashley" appears fully nude reclining on a bed. In another, "Brook" appears topless in a pose strikingly similar to that in the Photograph. Ms. Stearman and Ms. Solano are also significantly more identifiable in the photos on the NPC website than they are in the Photograph, as the NPC photos are larger and display Ms. Solano's and Ms. Stearman's full faces and bodies.

In addition to the pictures, plaintiffs' pages on the NPC website provide details of the services they offer. "Brook's" page advertises that she is "available to do an amazing 2-girl

Steven A. Sigmond, Esq.
Page 3
June 18, 2008



show with our sexy busty blond Ashley or sinful brunette Sadie." Ashley similarly advertises that she does "a wild and crazy 2-girl show with [her] girlfriend Brook." Then, exposing the sham that this action is, far from supporting her allegations in the Complaint that publication of the Photograph in *Rolling Stone* was "injurious to her good name and reputation" and that her "feelings have been injured", "Ashley" proudly gloats that "with my girlfriend [Brook] we were both featured in the rolling stone magazine together."

Under these facts and the applicable law, it is clear that Ms. Solano and Ms. Stearman have no possible basis for their claim that Rolling Stone "placed them in a false light before the public by publishing an identifiable topless picture". It is axiomatic that a plaintiff stating a claim for false light must establish, *inter alia*, falsity. *Thomas v. Pearl*, 998 F.2d 447, 452 (7th Cir. 1993) (dismissing claim where plaintiff failed to establish how defendant's action put him in a false light); *Krieger v. Adler, Kaplan & Begy*, 1996 WL 6540, at *10 (N.D. Ill. Jan. 5, 1996) ("Like defamation, this tort requires falsity"). Under no set of circumstances can plaintiffs, who earn a living by performing in bi-sexual sex toy bachelor shows, and who advertise their services by posting nude photos of themselves on the internet, establish that a picture of them "topless and kissing a man" places them in a "false light". Indeed, by <u>admitting</u> that plaintiffs are the two girls posing topless in the Photograph, the Complaint alone confirms that there is nothing "false" about the Photograph or its placement along side the article discussing hotchickswithdouchebags.com. *Raveling v. Harpercollins Publishers, Inc.*, 2004 WL 422538 (N.D. Ill. Feb. 10, 2004) (plaintiff failed to state claim for false light invasion of privacy where she objected only to inclusion of her photograph in book, but did not deny that she was accurately portrayed in the photograph); *see* Complaint, ¶¶ 5, 16. Nor can plaintiffs establish that they were injured by the republication of the Photograph in *Rolling Stone*, considering that the Photograph was previously published and made available to millions of viewers on a popular website. Indeed, plaintiffs' touting of the Photograph's appearance in *Rolling Stone* on the NPC website exposes their allegations of reputational injury and hurt feelings as indisputably frivolous.[1] In short, plaintiffs' "false light" claim lacks any basis in fact or law and, in addition to being subject to an upfront motion to dismiss, is so meritless as to warrant an award of sanctions.

Likewise, plaintiffs have not alleged a colorable claim for violation of Illinois' Right To Publicity Act. The Right to Publicity Act prevents the unauthorized commercial use of a person's "identity", which is defined as "any attribute of an individual that serves to identify that

---

[1]    If yet another infirmity to plaintiffs' claims were needed, it is also far from clear that plaintiffs are even identifiable in the Photograph. The Photograph which measures no more than two by two inches shows only their profiles. The allegation that plaintiffs are identifiable because the Photograph shows their "face, multiple tattoos on [their] bod[ies], and a personal necklace" is entirely contradicted by close inspection of the Photograph. Not only are plaintiffs' full faces not shown, but no tattoos or personal effects are visible. At most, some faint markings can be seen on the waste-line of one of the plaintiffs. However these are not recognizable as tattoos nor are they sufficiently discernable such that a reasonable reader would recognize them as Ms. Solano's or Ms. Stearman's particular tattoos.

Steven A. Sigmond, Esq.
Page 4
June 18, 2008



individual to an ordinary, reasonable viewer or listener." ILCS 1075/5. As discussed above, no reasonable viewer would be able to identify plaintiffs in the Photograph. Moreover, even if plaintiffs were identifiable, the Act expressly exempts the use of an individual's identity for "non-commercial purposes", including "news" and "public affairs" accounts. ILCS 1075/35(b)(2). It is undisputed that the Photograph originally appeared on the website hotchickswithdouchebags.com and was republished by defendant in an article discussing unique websites, including www.hotchickswithdouchebags.com. Use of a photograph from a website discussed in an article for the purpose of illustrating the content of that website is a consummate non-commercial use. *See, e.g., Buzinksi v. DoAll Co.*, 31 Ill. App. 2d 191, 175 N.E.2d 577 (1st Dist. 1961) (magazine had a right to publish picture of a plaintiff standing next to a "land yacht" in connection with a story on land yachts); *Berkos v. Nat'l Broadcasting Co., Inc.*, 161 Ill. App. 3d 476, 515 N.E.2d 668 (1st Dist. 1987) ("A commercial appropriation claim cannot be stated where a plaintiff's name or likeness has been used as part of a 'vehicle of information,' such as the news media"); *Schivarelli v. CBS, Inc.*, 333 Ill. App. 3d 755, 776 N.E.2d 693 (1st Dist. 2002) (television advertisement showing owner of hot dog stand being questioned by a reporter was not broadcast for commercial purposes, but for the noncommercial purpose of promoting news reports).

In light of the above, it is abundantly apparent that plaintiffs' claims are not only untenable as a matter of law, they lack any good faith basis in fact. This conclusion was already made clear to you in correspondence with *Rolling Stone* back in June 2007 when you first asserted these claims. We fully expect that armed with these undisputed facts and the law, your clients will do the right thing and withdraw this action by June 27, obviating the need for expensive and time consuming motion practice. If, however, your clients decide to proceed, we are prepared to seek the appropriate sanctions, which we believe are wholly warranted by the frivolous and unsubstantiated claims they have elected to interpose. I look forward to your prompt response. This letter is made without waiver of any of our client's rights, remedies, claims or defenses, all of which are hereby expressly preserved.

Sincerely,

*Elizabeth A McNamara /BuT*

Elizabeth A. McNamara

# EXHIBIT C

Untitled Document - Microsoft Internet Explorer

File   Edit   View   Favorites   Tools   Help

Back ▾   ◯   ⟲

Address   http://www.nextplateauchicago.com/home.html

Google ⃝▾   ⌄ Go ⊹ ⊘ ⊙ ▾   ☆ Bookmarks▾   ⊠ 424 blocked   ⁿᵇᶜ Check ▾   ✎ Autolink ▾   ⬚ Autofill   ⬙ Send to▾

Search   ☆ Favorites

⌄   ⊠ Go   Links

◯ Settings▾



Home   Classes   Next Plateau   CHICAGO   Gallery   Rates

Thank you for your interest in **NEXT PLATEAU CHICAGO**. We are Chicagoland's premier bachelor party service. Our specialty is in 2 girl bi-sexual toy shows. The company was established in 1992, and has been in business this long only because of customer satisfaction! From mild to WILD we always guarantee beautiful, fit, fun females.

Our Parties are famous throughout the Chicagoland area. Our girls will perform for you intimately with toys, fruit, etc. all the while keeping the bachelor apart of the show. The show is shocking and entertaining. Your bachelor and friends will leave the party in amazement!

Unlike our competitors we are the bachelor party service that shows up promptly. We are the "Rolls Royce" of the 2 girl bi show. You can rest assure that your party is in good hands. We understand that your bachelor must go out with a bang!!!

So if your party has to be a hit make it HOT with **NEXT PLATEAU CHICAGO ENTERTAINMENT**, your satisfaction is guaranteed.

For further information, you can contact a party representative at 773.804.0700

Galyon









# EXHIBIT D



 **SIMONSAYS.COM**
THE WEBSITE OF SIMON & SCHUSTER, INC.

**Bestsellers | New Releases | Coming Soon**

SEARCH  [SEARCH]





See larger image 🔍

**Find out more about Jay Louis»**

### Hot Chicks with Douchebags

By Jay Louis

**This Edition:** Trade Paperback
**Publication Date:** July 8, 2008
**Our Price: $17.95**

**Availability:** Usually ships within 2-3 days

🛒 ADD TO CART

Buy from another online retailer | Shipping Information

Be the first to write a review.

Share: 🔳 🔳 🔳 🔳 🔳 🔳 🔳 🔳 🔳 (what's this?)    ✉ Email

### Description

Greasy foreheads. Spiky frosted hair. Oiled-up faces dripping with Tag Body Shot spray. Armani Exchange T-shirts and rank cologne wafting off their backs like fetid pollen clouds as they pump their fists and attempt to grind into any hotties nearby. Young beauties oblivious to the hulking monstrosity clutching at their butts like snapping turtles on Red Bull.

From sea to douchey sea, ours is a culture plagued by this festering blight. By the dark forces of über-douchebaggery.

How did this happen? What can we do to confront the douchebag/hottie plague that rots our collective souls like boils sent by a wrathful and angry God? And how can you recover if you or your loved one is 'bag?

Now, for the first time, there is an answer to those questions that haunt our collective will and sap our culture of any claim to societal advance: Why hottie/douchebaggery? Why now? And why are douche-faces so silly? In this book we dissect, analyze, contemplate

and mock the rank douchescrotes that pollute our country's hottie supply on a daily basis. Every branch of the douche-tree will be examined. Every corner of our cultural rot will be exposed.

And if we can lust after their hotties along the way, then all the better.

### Product Details

Simon Spotlight Entertainment, July 2008
Trade Paperback, 240 pages
ISBN-10: 1-4169-5788-X
ISBN-13: 978-1-4169-5788-1

## Look for similar titles by category:

Humor > General

**CONNECT:**   **SET AN ALERT**       **EMAIL THIS PAGE**        **PRINT THIS PAGE**        **AIM**        **YAHOO! MESSENGER**
**AUTHORS: SUBMIT A LINK TO YOUR WEBSITE**

| SIMONSAYS.COM | ABOUT SIMON & SCHUSTER | RESOURCES | HELP |
|---|---|---|---|
| Browse Books | Company Overview | Booksellers | Order Statu |
| Find an Author | Divisions and Imprints | Media | Return a Pr |
| New Releases | Press Releases | Teachers: K - 12 | Customer S |
| Bestsellers | Rights & Permissions | Academics: Higher Education | Visit our He |
| Coming Soon | Careers | | Site Map |
| | Employee Emergency Information | | |

Visit our international sites: Canada | United Kingdom | Australia

Terms of Use | Privacy Policy | Copyright ©1997 - 2007, Simon & Schuster, Inc.

All rights reserved, including the right of reproduction in whole or in part in any form.