## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3909 | **DATE** | 9/4/2008 |
| **CASE TITLE** | Solano vs. Rolling Stone, LLC | | |

**DOCKET ENTRY TEXT**

Because the defendant has failed to establish federal jurisdiction in its notice of removal, the court must remand this case. The Clerk is directed to remand this case to the Circuit Court of Cook County. Pursuant to 28 U.S.C. § 1447© and Local Rule 81.2, "the clerk shall not transmit the certified copy of the remand order for 14 days following the date of docketing that order." N.D. Ill. 81.2. If an amended notice of removal is filed, the clerk shall not remand until further order of court to that effect. Civil Case Terminated. *(See statement below.)*

■[ For further details see text below.]                        Docketing to mail notices.

## STATEMENT

Plaintiffs Melissa Solano and Ceil Stearman filed a four-count complaint against Rolling Stone, LLC, asserting claims for false-light invasion of privacy and misappropriation of their right of publicity under the Illinois Right of Publicity Act. Plaintiffs claims arise from the publication in the May 31, 2007 issue of *Rolling Stone* magazine of a photograph depicting the plaintiffs "topless and kissing a man at the same time." Dkt. No. 1-2 (Pl.'s Compl.), at 4.

The Seventh Circuit has firmly established that "[t]he party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction." *NLFC, Inc.* v. *Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). In its notice of removal, defendant relies on diversity of citizenship under 28 U.S.C. § 1332 as the basis for federal jurisdiction. Section 1332 provides federal jurisdiction where "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §1332(a).

In its review of the defendant's notice of removal, however, the court has found two deficiencies, each of which prevents the court from exercising jurisdiction over this matter: (1) failure to properly plead the citizenship of Rolling Stone L.L.C., and (2) failure to demonstrate that the amount in controversy meets the minimum requirement.

First, since *Cosgrove* v. *Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), the citizenship of a limited liability company is determined by the citizenship of its members. *See, e.g., Thomas* v. *Guardsmark, LLC*, 487 F.3d 531, 533–34 (7th Cir. 2007); *Stark* v. *Abex Corp.*, 2006 WL 1472555, at *1 (N.D. Ill. Apr. 3, 2006). Accordingly, "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas*, 487 F.3d at 534. Thus, defendant's failure to plead or otherwise disclose

## STATEMENT

either the identity or the citizenship of each of the members of Rolling Stone L.L.C. is fatal to the court's jurisdiction.

Second, with respect to the amount in controversy requirement, defendant states that

> The Complaint contains four counts and alleges damages "well in excess of the jurisdictional limits of $30,000.00 plus costs." . . .
>
>                        * * *
>
> The amount in controversy exceeds $75,000, exclusive of costs and interest. The Complaint seeks damages "in a sum sufficient to compensate" Plaintiffs for injury to their "good name[s] and reputation," "mental suffering and anguish" and "value of [their] image[s]."

Def.'s Notice of Removal at 3 (quoting Pl.'s Compl. ¶¶ 5, 6, 12, 16, 17, 22). In a footnote, defendant further state,

> Plaintiffs allege damages "well in excess" of $30,000 because $30,000 is the jurisdictional threshold to file cases in the Circuit Court of Cook County's Law Division, as opposed to the Municipal Division which hears cases involving disputes in which the amount in controversy is $30,000 or below.

*Id.* at 3 n.1.

Defendant fails to explain how plaintiff's allegation of damages "well in excess of the jurisdictional limits of $30,000.00 plus costs" provides a basis for defendant's assertion that the amount in controversy exceeds $75,000. Indeed, a sum of $50,000 would be well in excess of $30,000.00 but would nevertheless fall short of the $75,000 amount in controversy required under § 1332.

Furthermore, in its memorandum in support of its motion to dismiss, defendant argues that "while Plaintiffs claim entitlement to damages 'well in excess' of $30,000, any allegation of reputational harm or mental suffering is belied by their actual touting of the fact that they appeared in *Rolling Stone* magazine." Dkt. No. 15, at 2. Defendants thus imply that even the $30,000 plus in damages that plaintiffs allege in their complaint is unrealistic.

Lacking a basis for federal jurisdiction, the court must remand this case to the Circuit Court of Cook County.